[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12250
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20978-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ANTONIO VILLALOBOS-FLORES,
a.k.a. Antonio Villalobos-Flores,
a.k.a. Rafael Uregarte Flores,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Roberto Villalobos-Flores was sentenced to serve 37 months in prison, at the low end of the advisory guideline range, after he pled guilty to one count of illegal reentry after removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). He appeals his sentence, arguing that it is substantively unreasonable because the district court placed too much emphasis on his criminal history and gave insufficient weight to other mitigating factors. After careful review, we affirm.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*); *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016). The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(C). The court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant," among other factors. 18 U.S.C. § 3553(a)(1). The weight to be assigned to these factors—whether great or slight—is committed to the sound discretion of the district court, and "we will not reweigh the factors." *United States v. Johnson*, 803 F.3d 610, 620 (11th Cir. 2015).

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We may not "set aside a sentence merely because we would have decided that another one is more appropriate." *See Irey*, 612 F.3d at 1191. Rather, "[w]e may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *Id.* In other words, we will not vacate a sentence unless the party challenging it convinces us that it lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 1190.

Here, Villalobos-Flores has not shown that his 37-month sentence is substantively unreasonable. The district court properly weighed the § 3553(a) factors and arrived at a reasonable sentence. Villalobos-Flores claims that the district court placed undue emphasis on his criminal history while, at the same time, giving too little weight to the violent conditions he faced in Honduras and the fact that he was working to provide for his family in the United States. But we cannot "reweigh the factors" ourselves. *Johnson*, 803 F.3d at 620. And the court was well within its discretion to give greater weight to his criminal history, which included crimes of burglary and escape from jail, and the nature and circumstances of the offense, which involved Villalobos-Flores's second conviction for illegal reentry

3

after removal.  The court listened to Villalobos-Flores's arguments in mitigation at sentencing but found that the conditions in Honduras and his support for his wife and stepdaughter did not excuse his conduct in coming to the United States and "violat[ing] the law repeatedly."  The weight to give the § 3553(a) factors was a matter for the district court, and we cannot say that the court imposed a sentence outside the range of reasonable sentences dictated by the facts of the case.  *See Irey*, 612 F.3d at 1190.

Moreover, the reasonableness of the sentence is supported by the fact that it was at the lowest point of the guideline range.  *United States v. Croteau*, 819 F.3d 1293, 1309–10 (11th Cir. 2016) ("We do not presume that a sentence falling within the guidelines range is reasonable, but we ordinarily expect it to be so.").  The sentence was also well below the statutory maximum of 20 years, which "is another indicator of reasonableness."  *Id.*

For these reasons, the district court did not abuse its discretion by sentencing Villalobos-Flores to 37 months of imprisonment.

**AFFIRMED.**